(Nos. 2884-2885-2894-2895, consolidated—

CENTRAL ILLINOIS ELECTRIC AND GAS COMPANY, No. 2884, OSCAR F. BAKER AND HARRY A. GEHLBACK, No. 2885, FRANK J. PFAU, JR., No. 2894 AND CHARLES HOELSCHER, ETC., No. 2895, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1937.*

COVEY & WOODS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Because the above entitled claims all present the same questions of law, and were all filed by the same attorneys, the Attorney General has moved to consolidate the cases, and has filed one brief, the court has consolidated the cases.

The first claim, that of the *Central Illinois Electric and Gas Co., a Corporation* vs. *State of Illinois,* No. 2884, was filed April 20, 1936, for the sum of $493.25. It appears that during the years 1933 and 1934, claimant sold and delivered to respondent at Lincoln State School and Colony, Lincoln, Illinois, quantities of coke, and also coal tar. A Bill of Particulars was filed, a copy of the purchase order was attached and no question arises as to facts. The agreed price was the sum of $444.58, including $5.00 for coal tar. The sum was not paid. In a report dated May 22, 1936, from P. S. Waters,

managing officer, by W. F. Meyer, an auditor, to Mr. E. B. Bentley, traveling auditor, it is said: "As you know, the chief clerk who was in charge at the time these obligations were incurred, is no longer with us. The only knowledge of this claim that we have is that the merchandise was delivered to us and that the claim is in order and should be paid by the State."

In No. 2885, that of Oscar F. Baker and Harry A. Gehlbach, partners doing business under the firm name of *Baker & Gehlbach* vs. *State of Illinois,* it appears that the claim was filed April 20, 1936, for the sum of $23.45. The complaint alleges that in June, 1935, the claimants sold and delivered to the respondent at the Lincoln State School and Colony, certain merchandise set forth in Exhibit "A". This merchandise consisted of numerous small items, including two pump leathers, mower repairs, Moline bean drill gear, wrist pin and nut, 6 slats, 1 pitman, 1 box rivets, 2 boxes of rivets of different sizes, 6 reel arms, 50 sections, 6 reel slats, 1 knife, 1-VF677 complete, 24 bolts, all of which were furnished in June, 1935, and totalling $23.45. The bill was presented to the officers of said State School and Colony on several occasions and on some occasions it was ignored and on other occasions said officers promised that it would be taken care of and on the last occasion said officers informed claimants that the fund from which payment should have been made had lapsed. A similar report was made by the managing officers as was made in No. 2884.

In No. 2894, that of Frank J. Pfau, Jr., doing business under the firm name and style of *Pfau's Drug Store* vs. *State of Illinois,* it appears that the claim was filed May 12, 1936, for the sum of $9.62. The complaint alleges that during June, 1935, the claimant sold and delivered to the respondent at the Lincoln State School and Colony certain merchandise consisting of drug supplies. Proper statement of account is attached to the complaint, and the managers of this School and Colony admit that the merchandise was furnished, but that the fund out of which this merchandise should have been paid, had lapsed, and therefore this suit was filed.

In No. 2895, that of Charles Hoelscher, doing business under the name and style of *Hoelscher Bros. Garage* vs. *State of Illinois,* it appears that the claim was filed on May 12, 1936,

for the sum of $21.73. The complaint alleges that during the month of December, 1934, February, March, April and June, 1935, claimant sold and delivered to the respondent at the Lincoln State School and Colony, certain merchandise as shown in Exhibit "A". The same charges were made in this complaint, and the receipt thereof by the school is admitted.

It has been the holding of this court that where it is conceded that the claimants rendered services and furnished supplies to the State, and have not been paid therefor, and the amount is unquestioned, an award will be made for such services and supplies. *Journal Printing Co.* vs. *State,* 8 C. C. R. 673; *Schreiber Lumber Co.* vs. *State,* 8 C. C. R. 381, and *Rock Island Sand & Gravel Co.* vs. *State,* 8 C. C. R. 165.

It appears that the Attorney General has carefully investigated these claims because the person who was chief clerk at the time these claims arose, is no longer in the employ of the respondent, but Mr. W. F. Meyer, an auditor for the Department, was assigned to acting chief clerk of the school, and it was on an investigation made by him and in reports made by him in the name of Dr. Waters to Mr. Bentley that the statements were made that the merchandise mentioned in each of the claims "was delivered to us, and the claim is in order and should be paid by the State."

We, therefore, make an award in No. 2884, that of *Central Illinois Electric and Gas Co.* vs. *State of Illinois,* in the sum of $493.25; in No. 2885, that of *Oscar F. Baker and Harry A. Gehlbach* vs. *State of Illinois,* in the sum of $23.45; in No. 2894, that of *Frank J. Pfau, Jr.* vs. *State of Illinois,* in the sum of $9.62; in No. 2895, that of Charles Hoelscher, doing business under the name and style of *Hoelscher Bros. Garage* vs. *State of Illinois,* in the sum of $21.73.